Judge Robertson
delivered the opinion of the Court.
Robert Ssroggin filed his bill in chancery, against the administrator of L. I5. Scroggin,■ and against MMIatton, enjoining a judgment at law, obtained against him, by L. P. Scroggin and M‘Hat-ton. Pending the suit, M‘Hatton died, and it was revived against his heirs,- and on final hearing, the injunction was dissolved, and the bill’dismissed.
This court, at the last fall term, reversed the decree, because the suit ought to have been revived against MJHatton’s personal representative, or the bilí dismissed without prejudice, for not so reviving; and gave a decree against the appellees for costs, without qualification.
Execution having issued on this judgment for costs, a motion is now made to quash it, because it has issued against the administrator, “de bonis propriisand also’ to correct the form of the decree, entered by the clerk, so as to exempt the administrator from individual liability.
This motion involves the consideration of two questions. 1st. Whether the decree is erroneous, as entered?- And 2d. If it be erfoneous, can this court now correct it? If these questions can be decided in the affirmative, the execution must be quashed; otherwise it cannot be.
^*a'dni’r'defendant liable and to what níenUo be rendered,
The 13th section, of act “t®8‘ COUrt of appeals.” Rule ^adut^a’ ?a¡nst appellants or plt’ff fu] as to appellees discretionary.
At common law, costs were not recoverable in any suit, by either party. And the statute of Henry the YJÍI. which gave costs, in certain enumerated cases, was never construed to apply to, or include those sued, “m autre droit." Nor did any subsequent statli te in England, which has been in force in this country, subject executors or administrators, to judment for costs. By construction and usage, they have been held responsible in certain cases. An executor or administrator plaintiff, was not responsible for costs when he sued for any cause of action which accrued to the testator, or intestate. But when he sued for a cause of action which accrued to himself, and for which he might sue in his own name, or as representative, he was like other plaintiffs liable for costs individually.
So an executor or administrator defendant, was not liable to costs, unless he was' guilty of fraud or of a devastavit, or of making a false defence. And when a judgment in such cases, was rendered against him for costs, it was “de bonis iestatoris, si, et si, non, de bonis propriis." In such cases, the representative acts on his personal responsibility, and not strictly as a fiducial ry. And therefore the law of costs would apply to him. In this state, executors and administrators are not responsible beyond assets. And hence their liability for costs (when they are liable) is precisely the same as that for the debt of the testator or intestate, and if it be proper to give a judgment for costs, as well as for the debt, the judgment should direct both the debt and the costs to be levied out of the same estate. 1 Litt’s. Rep’s. 395. Such we understand to be the law here in the courts of original jurisdiction.
But the rule is somewhat different in this court. By the 13th section of the act of 1796, “establishing the court of appeals,” it is provided as follows: “In appeals and writs of error, the following rules shall be observed: If the judgment or decree be affirmed in the whole, the appellant shall pay to the appellee ten per centum on the sum due thereby, besides the costs in the original suit and appeal.”
“If the judgment or decree shall be reversed, in the whole, the appellee shall pay to the appellant, such costs as the court in their discretion may award."
Costs given in the court °ainst parties who would be subject to. C°urt below General rule, not to giye costs against defendant. '
The 1st clause in the section, is imperative, and has been construed to include all plaintiffs or appellants, as well executors and administrators, as others. Banks vs. Marksberry, 5 Littell’s Reports, 144.
It is urged that the other clause should receive the same exposition. We think not. There has been no direct adjudication on this point, sp far as we know. ^7e must therefore be governed by our own construction.
Whether the last clause includes executors and adminístralors, it is not necessary now to decide. For if jt shall be so interpreted, it will not result necessarily, that it would be the duty of the court, to give judgmentin all cases against them for costs. This clause is not, like the other, peremptory. It allows the court *"° exerc‘se a sound discretion.^ And in exercising this discretion, it has been the general, if not the invariar ble practice, not to give judgment against an executor or administrator defendant, for cost, “debonis propriis."" There may be cases, in which it would be proper to render such a judgment, as for-example, if the party would have been liable for costs by common law of this state, in the court below, The practice here, has been to render such a judgment, against the defendant, as the law directs in the circuit court. This usage of the court, is founded on good reason, The defendant is brought here without his consent. He cannot avoid coming when summoned, Generally, therefore, he ought not to be personally responsible for the costs in p proceeding against him, which he has not invited, pnij would gladly have avoided if he could. Not so with the plaintiffj who presents a writ of error. An executor is not bound to prosecute an appeal or writ of error, when there is no error to correct, and therefore, when he does so, he improperly delays the other party, and harrasses him with unnecessary trouble and cost. There is no reason, consequently, why he, more than others, should be exempt from the payment of costs and damages. Hence, the law holds him personally accountable. Far different however is the case of the executor defendant. The law has justly allowed him to occupy safer gropnd. By the practi *365 cal construction of the act of ’96, he is suffered (as we believe he ought to be) to stand as he did before the passage of that act.
Judgment or decree against without any express directl0n t°the ;s a]wayg jntended de *onts ^iígío? ts‘
The court at,a term, correct a judgment or <*e.ore<;’ot a pnot 611001
Denny, Attorney General, for plaintiff.
When the court direct a judgment to be entered against an administrator or executor defendant, for costs, without any special instruction, it means generally, that the.judgment shall be only “de bonis testatorisj and therefore, if the clerk enrol it, in general terms, as against a defendant in his own right, the entry should be corrected. But this should be done during the same term. We do not say that the court might not rightfully give judgment against a defendant executoror administrator for costs, ‘¡de bonis propriisV This point is not now to be settled. All we mean to say is, that, unless the judgment is expressly, “de bonis propriis, it should be entered, “de bonis testatoris;” because it is intended by the court that it should be so entered.
The court cannot correct its own judgment of a former term; but it can rectify the mistake of its clerk, in recording a judgment, so as to give an effect, differ¡ent from that authorized by the court. In this case however, the court directed a judgment for costs, without reseryatiop. The clerk so entered it. The record so made up was signed and approved, and therefore, we are not permitted to decide that the error, if any, was a clerical misprisiop. Consequently,-whether there is error in tfie judgment or not, it cannot now be corrected.
Therefore, the motion must be overruled.